UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-61996-CIV  COOKE/BANDSTRA

EDWIN MORET, *et al.*,

    *Plaintiffs*,

v.

SELECT PORTFOLIO SERVICING, INC.,

    *Defendant*.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court upon the Motion to Dismiss [DE 18] filed by Defendants U.S. Bank National Association ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS"). A response has been filed, but no reply is yet due. Nonetheless, the Court finds that a reply is unnecessary and that the motion should be granted

**I. BACKGROUND**

Plaintiffs, Edwin and Catalina Rosa Moret, filed their Amended Complaint [DE 14] for recision of his mortgage and damages on March 26, 2008, bringing fourteen counts against Defendants[1]. Of the fourteen counts, four implicate federal acts, and the remaining ten are state-law based claims. It is unnecessary to repeat the precise factual allegations of Plaintiffs' Amended Complaint. In general, Plaintiffs allege that Defendants, in the process of providing Plaintiffs a mortgage loan, violated the several federal acts, committed fraud and breach of

---

[1] The original complaint was filed December 12, 2008 but was amended to add Defendants U.S. Bank and "Does 1-100 and Trustees 1-100" as Defendants. However, Plaintiffs give no good indication of who these unnamed Doe and Trustee Defendants are, or why they form a part of this suit. In any event, no Defendants other than U.S. Bank and SPS appear to have been served and all counts include U.S. Bank and SPS as Defendants.

contract. Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and 9(b).

## II. STANDARD OF REVIEW

Upon a Rule 12(b)(6) motion the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

## III. ANALYSIS

### A. Real Estate Settlement Procedures Act (RESPA)

Count I is for an alleged violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. § 3500.7(b) and (c) (Regulation X), for failure to provide Plaintiffs with a timely and accurate good faith estimate of the amount or range of charges for specific settlement services. Plaintiffs seek damages, as well as attorney's fees and costs.

Count I, as brought under 12 U.S.C. § 2604(c), fails as a matter of law because "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it." *Collins v. FMHA-USDA,* 105 F.3d 1366, 1368 (11th Cir. 1997).  To the extent that Plaintiffs raise a claim under 12 U.S.C. § 2605, that claim also fails.  The Amended Complaint alleges violations of § 2605(b) and (c).  Those sections deal with notice to the borrower at the time the servicing of the loan is transferred.  There is no allegation in the Amended Complaint, however, that the loan at issue was ever transferred.  Plaintiffs' claim that § 2605(a), requiring disclosure at that time of application for the loan that the servicing of the loan may be transferred, was violated is raised for the first time in his Response to the motion to dismiss.  Therefore, any claim under § 2605(a) has not been properly pled.  Even if it had, Plaintiffs have not alleged how the failure to disclose that the loan servicing could be transferred led to the "high settlement charges" Plaintiff claims as damages.  *See* 12 U.S.C. §  2605(f)(1)(a) (allowing for recovery of "any actual damages to the borrower *as a result of the failure* . . . .") (emphasis added).

### B.  Truth In Lending Act (TILA)

Count II is for an alleged violation of TILA, 15 U.S.C. § 1601 *et seq*., and 12 C.F.R. § 226 (Regulation Z), for failure to provide certain required disclosures, including, among others, the annual percentage rate for the loan, the finance charges, and the amount financed.  Plaintiffs further allege that Defendants inflated his income to qualify for a higher loan amount and that Defendants failed to provide the required HUD-1 Settlement Statement.  Plaintiffs seek rescission of the mortgage, damages, fees and costs.

This Count too, fails.   Specifically exempted from rescission under TILA are residential mortgage transactions such as the one in this Case.  *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f).  Furthermore, there is a one-year statute of limitations applicable here.  "To bring an

affirmative action against a creditor for statutory damages, the debtor must bring the action 'within one year from the date of the occurrence of the violation'" *In re Smith,* 737 F.2d 1549, 1552 (11th Cir. 1984) (citing 15 U.S.C. § 1640(e)).  Plaintiffs had one year from the date of closing, January 17, 2006, to file their TILA claim but failed to file any coamplint until December 12, 2008, well beyond the one year period.  Here, dismissal is appropriate because the time-bar is apparent on the face of the Amended Complaint.  *See Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003).  I find no basis for equitable tolling.

### C.  Fair Credit Reporting Act (FCRA)

Plaintiffs have not responded to Defendants' argument regarding dismissal of Count VIII, the FCRA claim.  Despite that fact that under Local Rule 7.1C this is likely grounds for dismissal by default of this Count, the Court will briefly address why this claim must also be dismissed on the merits.

Plaintiffs allege that Defendants "qualified as providers of information to credit reporting agencies under the FCRA" and that Defendants made "negative reports on the Plaintiffs' credit report."  Plaintiffs claim that they were damaged by Defendants' negligent and willful noncompliance with the FCRA.  Plaintiffs have failed to state a claim against Defendants under the FCRA.

Violations of the FCRA can be enforced against both consumer reporting agencies and persons or entities who furnish information to consumer reporting agencies.  Here, there are no allegations in the Amended Complaint that any Defendant is a consumer reporting agency. Plaintiffs have only claimed that Defendants furnished information to a credit reporting agency and violated 15 U.S.C. § 1681s-2(b).  Under 15 U.S.C. § 1681i(a)(2), "[i]f a consumer provides notice of a dispute to a consumer reporting agency, the agency must within five days notify the

furnisher of the disputed information." *Allmond v. Bank of America,* Case No. 3:07-cv-186-J-33JRK, 2008 WL 205320, *7 (M.D. Fla. January 23, 2008). Therefore, to state a claim under 15 U.S.C. § 1681s-2(b) Plaintiffs were required to at least allege that the requisite notice was given. Plaintiffs have failed to so allege and therefore the Amended Complaint fails to state a claim under 15 U.S.C. § 1681s-2(b).

### D. Credit Repair Organizations Act (CROA)

Here also, Plaintiffs have failed to respond to Defendants' arguments for dismissal of Count XIV, the CROA claim. And, here again, although dismissal by default of this claim is likely appropriate, the Court will briefly address why Plaintiffs fail to state a claim under CROA.

CROA, 15 U.S.C. § 1679 *et seq.*, has two stated purposes: "(1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C. § 1679(b).

Plaintiffs have not alleged that either named Defendant is a credit repair organization. Further, the section relied upon by Plaintiffs to create liability, § 1679b(a)(1), was taken out of context. The Court agrees with the Defendants that CROA was not intended to apply where no credit repair organization, as defined by the Act, was involved. The United States Bankruptcy Court for the Northern District of Alabama, after a thorough analysis of the statute, came to the following conclusion:

> Section 1679b(a)(1) should be construed within the context of the entire Act, including its codified findings and purposes, not as if § 1679b(a)(1) were a stand-alone statute. When it enacted CROA, the focus of Congress was on the credit repair industry, not enacting a federal cause of action creating liability for every person guilty of making defamatory statements about a consumer's

> creditworthiness. Remedies for such wrongs are adequately provided for under state tort laws. This Court cannot assume Congress intended to add a federal question cause of action to the dockets of federal courts without some mention of its reasons for doing so in the codified findings and purposes or in the Act's legislative history. The congressional findings, purposes and history only discuss the credit repair industry, nothing more.
>
> Accordingly, this Court holds liability under CROA is limited to credit repair organizations as defined in § 1679a(3), and persons who are not credit repair organizations but nonetheless are guilty of the practices prohibited by § 1679b(a)(1) in connection with the activities of, or transactions involving a credit repair organization. The codified purposes of CROA are not served by interpreting § 1679b(a)(1) as creating a federal cause of action that can be asserted against any "person" guilty of making an untrue or misleading statement with respect to a consumer's creditworthiness, where the operative facts, such as those in the instant case, do not relate to the credit repair industry or anyone who falls within the definition of a credit repair organization.

*In re Wright,* Bankr. No. 05-40829-JJR-13, 2007 WL 1459475, *11 (Bankr. N.D. Ala. May 16, 2007) (footnote omitted). More recently, the Northern District of Florida came to the same conclusion. *See Lopez v. ML #3, LLC,* Case No. 4:08CV579-RH/WCS, 2009 WL 997015, *4 (N.D. Fla. April 15, 2009) ("In sum, when the Act is considered as a whole and in light of its explicitly stated purposes, it is clear that it applies only in the credit-repair context."). Accordingly, because Plaintiffs' Amended Complaint nowhere alleges any involvement or connection to a credit repair organization, Plaintiffs fail to state a claim upon which relief can be granted under CROA.

### E.  Remaining state-law claims

"[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by

dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, having dismissed all federal claims, and noting that Plaintiffs have not asserted diversity jurisdiction[2] , I decline to exercise supplemental jurisdiction over the Plaintiffs' state-law claims.

### VI. CONCLUSION

Defendants' Motion to Dismiss [DE 18] is **GRANTED**. Plaintiffs' Amended Complaint [DE 14] is **DISMISSED**. All pending motions are **DENIED** *as moot*. The Clerk shall **CLOSE** this Case.

**DONE and ORDERED** in chambers, Miami, Florida, this 6th day of May 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

---

[2]Even had Plaintiffs made such an assertion, the Amended Complaint does not support it. "As the Supreme Court has reminded us, 'the Court early in its history wisely adopted a presumption that every federal court is without jurisdiction unless the contrary affirmatively appears from the record.'" *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986)). Plaintiffs have not alleged that they are citizens of Florida, nor that any of the unnamed defendants are not citizens of Florida. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").